JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1874 PA (FFMx) | Date | March 21, 2017 |
|---|---|---|---|
| Title | David Bryant v. ABM Parking Services | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant ABM Onsite Services - West, Inc. dba ABM Parking Services ("Defendant"). In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff David Bryant ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1874 PA (FFMx) | Date | March 20, 2017 |
|---|---|---|---|
| Title | David Bryant v. ABM Parking Services | | |

    Defendant previously filed a Notice of Removal on March 3, 2017. In a March 6, 2017 Order, this Court remanded the action because Defendants had failed to adequately allege the citizenship of Plaintiff and, as a result, failed to establish this Court's diversity jurisdiction. Defendant filed the current Notice of Removal in an apparent attempt to cure the defect identified by the Court in the first Notice of Removal by deleting their allegation of Plaintiff's citizenship on information and belief.

    A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

    Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a second removal. The current Notice of Removal merely deletes the "information and belief" allegations concerning Plaintiff's citizenship. Defendant's revised allegations are insufficient to support a proper successive removal. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court. As such, Defendant has impermissibly attempted to remove this action twice on the same grounds. Such successive removals are improper and unjustified.

    The Court therefore concludes that Defendant's second Notice of Removal is procedurally defective. See 28 U.S.C. § 1446(b). Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC645493. See 28 U.S.C. § 1447(c). The Court stays this order until March 23, 2017. If Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before March 23, 2017.

    IT IS SO ORDERED.